REQUESTED BY: Senator Karen Kilgarin Nebraska State Legislature 1016 State Capitol Lincoln, Nebraska 68509
Dear Senator Kilgarin:
You have submitted to us a copy of LB 89, and asked us for our opinion as to the constitutionality of the provision that the speaker of the Legislature and the chairmen of the Legislature's Appropriation and Revenue Committees should be members of the State Tax Board, which would be created by that bill, and which would take the place of the State Board of Equalization and Assessment in setting sales and income tax rates.
The bill has been indefinitely postponed, but you inform us that you need the opinion, because its provisions may be used as an amendment to another bill.
The State Tax Board, under the bill, would be composed of the three designated members of the Legislature, plus the Governor and the Tax Commissioner. The board would set the tax rates under the same standards now specified for the State Board of Equalization and Assessment by Neb.Rev.Stat. § 77-2715.01 (Supp. 1982).
Two provisions of the Nebraska Constitution must be considered. The first is Article II, Section 1, which provides:
 The powers of the government of this state are divided into three distinct departments, the Legislative, Executive and Judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted.
While the setting of tax rates might normally be considered a legislative function, when it is delegated to an administrative body, under proper standards, as it has been here, it becomes an administrative function. Clearly, the State Tax Board would be a part of the executive branch of government, and its powers should not be exercised by members of the Legislature.
The second constitutional provision we must consider is Article III, Section 9, which provides:
 No person holding office under the authority of the United States, or any lucrative office under the authority of this state, shall be eligible to, or have a seat in the Legislature. No person elected or appointed to the Legislature shall receive any civil appointment to a state office while holding membership in the Legislature or while the Legislature is in session, and all such appointments shall be void.
Membership of the board would be holding of a state office, and would apparently be void under the above provision. We considered a similar question in an opinion dated July 7, 1967, Report of the Attorney General 1967-1968, pg. 120, a copy of which is enclosed herewith. We concluded that members of the Legislature could not be appointed to the Nebraska Coordinating Council for Higher Education because of the above constitutional provision, which was then found in Article III, Section 16 of the Constitution.
We have not found a Nebraska case directly in point on this issue, but the discussion in Searle v. Yensen,118 Neb. 835, 226 N.W. 464 (1929), is instructive. The court said:
 The power of the legislature to delegate a part of its legislative functions to municipal corporations or other governmental subdivisions, boards, commissions, and tribunals, to be exercised within their respective jurisdictions, cannot be denied; but the recipient of such powers must be members of the same governmental department as that of the grantor. Otherwise a confusion and duplication of powers would result, against which the section of the Constitution above quoted is directed. The legislature may not impose upon the judiciary or the executive the performance of acts or duties not properly belonging to those departments respectively.
Under the same reasoning, we believe the Legislature cannot delegate to members of the legislative branch duties which are administrative in nature. We therefore conclude that it would be difficult to defend the provisions you inquire about.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General